UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

MARY T. WHATLEY,

    Debtor.
_____

MICHAEL B. MCCARTY,

    Trustee, Plaintiff, Appellee,

v.

ARTHUR G. LANDAUER, *et al*.,

    Defendants, Appellants.

Case No. C05-1227L

Bankr. Case No. 03-18393
Adv. Proc. No. 04-01069

ORDER DENYING AND
DISMISSING APPEAL

## I. INTRODUCTION

    This matter comes before the Court on an appeal from an order of the United States Bankruptcy Court for the Western District of Washington. Appellant Arthur Landauer ("Landauer") appeals a May 27, 2005 order from the Bankruptcy Court requiring that the trustee receive an extraordinary equity distribution from the sale of a

ORDER DENYING AND
DISMISSING APPEAL - 1

piece of real property previously owned by business partners Landauer and debtor Mary Whatley ("Whatley"). The Bankruptcy Court's order allows the trustee to receive 50% of the proceeds of the sale, plus an additional amount equal to half the amount paid to Landauer's brother to pay off his encumbrances on the property.

For the reasons set forth in this Order, the Court denies Landauer's appeal.[1]

## II. DISCUSSION

**A.   Background.**

Landauer and Whatley, through their business partnership, purchased a commercial property in Bellingham, Washington (the "Bellingham Property") in 1984 through a deed of trust. When the deed of trust became due in 1990, Landauer and his family purchased it and assigned it to Landauer's brother, Larry Landauer. In 1994, Whatley borrowed funds and secured the loan with a note and deed of trust on the Bellingham Property. When the note became due, Landauer and his family purchased the deed and note and assigned them to Larry Landauer. Landauer also alleges that Whatley drained over $400,000 in assets from the Bellingham Property in loans, a garnishment, and other disbursements. Whatley counters that Landauer grossly mismanaged the Bellingham Property, significantly increasing the debt to Larry Landauer and decreasing rental income.

In 1997, Landauer filed for Chapter 13 bankruptcy. During the course of the bankruptcy proceeding, Landauer brought an adversary proceeding against Whatley. Whatley counterclaimed for dissolution of the partnership, sale of the Bellingham Property, accounting, breach of fiduciary duty, and mismanagement. Whatley and

---

[1] At the request of both parties, the Court heard oral argument in this matter on February 16, 2006.

ORDER DENYING AND
DISMISSING APPEAL - 2

Landauer agreed to settle the adversary proceeding. The parties memorialized the terms of the agreement in a proposed order. Judge Glover heard oral argument on the matter, and signed the proposed order on November 14, 1997 (the "1997 Order"). The 1997 Order established a formula for dividing the rental proceeds generated by the Bellingham Property. The 1997 Order directed that the parties utilize the rental proceeds to pay off Larry Landauer's encumbrances, then Whatley would receive all of the rental proceeds "until Landauer has compensated Whatley for an amount equal to 50% of the money paid to Larry Landauer . . . ." Record on Appeal at p. 57. The 1997 Order did not address the sale of the property.

Whatley filed for Chapter 7 bankruptcy in 2003. The trustee filed an adversary complaint seeking a sale of the Bellingham Property, dissolution of the partnership, an accounting, a determination of the validity and priority of Larry Landauer's deeds of trusts, and a determination of the extent and validity of the encumbrance held by another trustee. Record on Appeal at pp. 8-9. On September 23, 2004, Judge Glover granted the trustee's motion to dissolve the partnership. In May 2005, Landauer filed a motion for partial summary judgment for an order striking the trustee's claim that Larry Landauer's deeds "are paid and should be discharged," and striking the trustee's claim that Whatley's estate was "entitled to an extraordinary equity distribution upon sale" of the Bellingham Property based on the 1997 Order. Record on Appeal at p. 43.

Judge Glover granted in part and denied in part the motion for summary judgment (the "Summary Judgment Order"). Judge Glover struck the claim regarding Larry Landauer's deeds because the trustee did not dispute the motion on that count. Record on Appeal at p. 145. Judge Glover denied the motion "with respect to Defendants' contention that the [1997 Order] is restricted to rental proceeds from the . . . Bellingham

ORDER DENYING AND
DISMISSING APPEAL - 3

Property." Judge Glover further ordered,

> [U]pon the sale of the Bellingham Property, after payment of the allowed claims of Larry Landauer that encumber the Bellingham Property . . . the Trustee on behalf of the estate shall be entitled to receive the estate's 50% net proceeds of sale and Arthur G. Landauer's 50% of net proceeds of sale until Arthur G. Landauer has compensated the estate for an amount equal to one-half of the amounts paid to Larry Landauer for his allowed secured claims against the Bellingham Property; and thereafter, the net proceeds of sale shall be divided equally between the debtor's estate and Arthur G. Landauer.

Record on Appeal at p. 145. Landauer appeals the Summary Judgment Order.

**B.     Analysis.**

In his opening memorandum, the trustee lists the following as one of his issues for review, "Is an order denying Appellant's Motion for Partial Summary Judgment an order from which an appeal can be taken?" Appellee's Opening Brief at p. 1. This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "Rule 54(b) controls the analysis of finality of judgments for purposes of appeal in federal civil actions, including bankruptcy adversary proceedings." Belli v. Temkin (In re Belli), 268 B.R. 851, 855 (9th Cir. BAP 2001).

Although there is no judgment or Rule 54(b) certification, this Court may treat the appeal as a motion for leave to appeal, and it does so. Belli, 268 B.R. at 856-57. The Court may exercise its discretion "'to grant leave to appeal in order to avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law and an immediate appeal would materially advance the ultimate termination of the litigation.'" Cameo Dev. Co. v. Larkin (In re Cameo Dev. Co.), 2005 U.S. Dist. LEXIS 22311 at *19 (D. Ariz. Sept. 28, 2005) (quoting In re Belli, 268 B.R. at 857). Allowing the interlocutory appeal in this case is appropriate because the Summary Judgment Order resolved a discreet issue: the appropriate division of proceeds from the already completed sale of the Bellingham Property. Resolving the appeal now will

ORDER DENYING AND
DISMISSING APPEAL - 4

prevent the need to conduct further proceedings on the same issue, and will provide certainty for the parties.

Having exercised its discretion to hear the appeal, the Court considers the merits of appellant's contention that the Bankruptcy Court erred.  As an initial matter, the parties dispute whether Judge Glover, in construing the 1997 Order, was construing his own prior order or interpreting the parties' contract.  The former situation leads to review for abuse of discretion, while the latter leads to *de novo* review.  See, e.g., In re Franklin, 802 F.2d 324, 326 (9th Cir. 1986).[2]  Landauer argues that the 1997 Order is a consent order entered after settlement of the parties, and analogizes this case to In re Penberthy, 211 B.R. 391, 395 (W.D. Wash. 1997) (applying contract principles to construe a reorganization plan).  The 1997 Order, however, is not a plan of reorganization.  Furthermore, in signing the 1997 Order, Judge Glover did not simply adopt the parties' settlement agreement.  Rather, he heard oral argument on the matter, analyzed the issues, and incorporated his independent decision into the 1997 Order.  Record on Appeal at p. 107 ("[Y]ou settled it just about where I was coming out").  In his oral ruling on the Summary Judgment Order, Judge Glover stated,

> In terms of the other portion of the summary judgment, the Court is asked to construe its own order.  It's a little more difficult, in one sense, and that is because this was a stipulated order.  But just because it was stipulated doesn't lessen the responsibility of the Court because I accepted the stipulation; and by signing the order, the order becomes mine.

Record on Appeal, Transcript at p. 10.  Therefore, the Court finds that the Summary

---

[2] In In re Franklin, the court stated, "Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner." 802 F.2d at 326.  The rationale for applying that principle is even stronger in this case because Judge Glover was interpreting his *own* prior order, whereas in In re Franklin, the bankruptcy court judge was interpreting an order by another bankruptcy court judge.

ORDER DENYING AND
DISMISSING APPEAL - 5

1 Judgment Order construes the Bankruptcy Court's own 1997 Order, and the abuse of
2 discretion standard applies.

3       Landauer argues that the Bankruptcy Court erred in ordering the distribution to
4 Whatley because a condition precedent of that payment, the payment to Larry Landauer,
5 has not occurred.  The Summary Judgment Order, however, ordered that the payment to
6 Larry Landauer occur before the payment to Whatley's estate.  Therefore, the condition
7 precedent will be met before the payment to Whatley.

8       Landauer further contends that the Summary Judgment Order ignored the phrase in
9 the 1997 Order, "the net proceeds from the Bellingham Building shall be split 50-50 for
10 accounting purposes."  The "net proceeds," however, referred to rental proceeds, not to
11 proceeds from a sale, which was not contemplated.  Similarly, Landauer argues that the
12 equity distribution is improper because it is inconsistent with his intent in entering into
13 the settlement in 1997.  Neither party, however, considered sale of the property at that
14 time.  Judge Glover was therefore left to determine the appropriate distribution of the sale
15 proceeds in light of his 1997 Order and his extensive experience presiding over the
16 parties' disputes.

17       Judge Glover noted, in signing the 1997 Order, that the purpose of the payments to
18 Whatley were twofold: (1) to compensate Whatley for "having basically fronted the
19 money to pay off Larry Landauer's debt," and (2) to structure the payments, including
20 any equity in the building, so that Landauer's Chapter 13 bankruptcy could proceed.
21 Record on Appeal at pp. 101, 104.  Neither party objected to those characterizations.  In
22 ruling on the summary judgment motion, Judge Glover found that applying the
23 distribution formula from the 1997 Order to the sale proceeds was consistent with both of
24 those purposes.  Record on Appeal, Transcript at pp. 10-13.  Landauer has not shown that
25
26 ORDER DENYING AND
DISMISSING APPEAL - 6

the Bankruptcy Court's Summary Judgment Order was the result of an abuse of discretion.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES and DISMISSES the appeal. The Clerk of the Court is directed to send copies of this Order to all counsel of record and to the Bankruptcy Court.

DATED this 17th day of February, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING AND
DISMISSING APPEAL - 7